Benjamin Gubernick (SBN 321883)
**GUBERNICK LAW P.L.L.C.**
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

David N. Lake, State Bar No. 180775
**LAW OFFICES OF DAVID N. LAKE,**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Facsimile: (818) 479-9990
Email: david@lakelawpc.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PAN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MASTER LOCK COMPANY, LLC., a Delaware corporation;<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br><br>[CLASS ACTION]<br><br>1. Violation of California's Unfair Competition Law;<br>2. Violation of California's Consumers Legal Remedies Act;<br>3. Violation of California's False Advertising law;<br>4. Violation of California's Implied warranty of Merchantability.<br><br>(Jury Trial Demanded) |

Anthony Pan ("Plaintiff") through undersigned counsel, on behalf of himself and all others similarly situated, brings this Class Action Complaint against Master Lock Company, LLC ("Defendant" or "Master Lock") and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF ACTION

1. This case seeks recovery for consumers who have overpaid for lock boxes that Master Lock falsely claims are suitable for safe and secure outside storage of house keys and other items.

2. Master Lock manufactures and sells the two models of push-button combination lock boxes that are subjects of this lawsuit, the "5422D Portable Lock Box" (the "5422D") and the "5423D Wall Mount Lock Box" (the "5423D") (collectively, the "Products").

3. The Products are metal boxes with 12 buttons on the front, resembling a telephone keypad containing the numerals 0-9 as well as the asterisk and number symbols. The Products differ only insofar as the 5422D has a shackle, allowing for attachment to a gate or doorknob, while the 5423D has screw holes instead of a shackle so that it can be mounted to a wall.

4. The Products are opened by inputting a user-selected combination and then depressing a rectangular open switch above the keypad.

5. Master Lock advertises the Products to consumers who wish to securely store home entry devices, such as keys or garage door openers, on the outside of their houses. Master Lock expressly markets the Products as a better alternative to hiding keys under a doormat or potted plant.

6. What Master Lock refuses to tell consumers, though, is that the Products have a security vulnerability that allows *any* unauthorized person to decode and gain access to the Products quickly and without tools. By applying continuous pressure to the open switch and then testing each button, any person can identify which buttons are part of the

combination. In fact, the order of the buttons pressed does not matter; all the unauthorized person needs to do to gain access is press the correct buttons and open the lock box.

7. To make matters worse, although the Products' vulnerability to unauthorized access is not common knowledge among consumers, it is known to or easily ascertained by burglars or other people seeking unauthorized access. As a result, the Products are unfit for their advertised use.

8. Plaintiff, like all members of the putative class, either would not have purchased the Products had he known of the vulnerability or would have only been willing to pay substantially less.

9. Master Lock has violated California consumer protection and warranty laws. Plaintiff seeks an award of damages and appropriate equitable relief, including an order enjoining Master Lock from continuing to sell lock boxes with the security vulnerability.

## PARTIES

10. Plaintiff Anthony Pan is an individual residing in Los Angeles County, California.

11. Defendant Master Lock Company, LLC is a Delaware corporation. Its principal place of business is 6744 S Howell Avenue, Oak Creek, Wisconsin.

## JURISDICTION AND VENUE

12. This Court has original jurisdiction pursuant to the Class Action Fairness Act, 23 U.S.C. § 1332(d), because: (1) there are at least one hundred members of the proposed class; (2) the aggregated claims of the individual Class Members exceed the sum value of $5,000,000 exclusive of interest and costs; and (3) Defendant and more than two-thirds of the proposed class are citizens of different states.

13. Venue is proper in this district because Plaintiff resides in the Central District of California and purchased a 5422D Portable Lock Box in the Central District of California.

## FACTUAL ALLEGATIONS

14. Key lock boxes have become a ubiquitous sight in the entries of California

homes. In theory, they provide a convenient way to lend housekeys to guests without having to meet them in-person. All a homeowner needs to do is secure the key inside the lockbox, and text or email the combination to the guest. More generally, they provide a readily accessible place for a homeowner to store a spare house key.

15. Yet lock boxes have a downside: like the front of a bank vault, they effectively broadcast to anyone who walks by that they contain something valuable, in this instance a house key. Thus, like a bank vault, a lock box is a recognizable target and therefore must be effective at preventing unauthorized access.

16. This case arises because two of Defendant's most popular lockboxes are not up to the task. As explained below, the 5422D and 5423D can be opened easily without knowing the code and without tools by any burglars familiar with their vulnerabilities.

17. According to Master Lock's website, the 5422D and 5423D are Defendant's "best seller" solutions for "Secure Storage" of "Keys, Key Fobs, & Access Cards[.]" *See* https://www.masterlock.com/products/product/5422D (accessed November 7, 2022) *and* https://www.masterlock.com/products/product/5423D (accessed November 7, 2022).

18. The Products are pictured below:

   

*The 5422D*               *The 4323D*

19. Defendant claims that the Products provide secure storage for keys, and a better option for homeowners than hiding keys near a door. This point is made explicitly in pictures posted on Defendant's website:



https://www.masterlock.com/products/product/5423D (accessed November 7, 2022).

https://www.masterlock.com/products/product/5422D (accessed November 7, 2022).

20. Defendant's claim that the Products provide "secure storage for keys" is also present on the Products' physical clamshell packaging, and the Products' Amazon listings.

21. According to Master Lock's website, the Products are available for purchase on Amazon, The Home Depot, Lowe's, and Do it Best.

22. To operate the Products, the user first depresses the rectangular "open" lever above the alphanumeric keypad. This will open the lockbox because the Products ship from the factory with no set combination.

23. Next, the user can select which of the alphanumeric buttons to include in the personalized combination. This is done by setting arrows on the back of each button to either the "off" or "on" position using an included tool. The lockbox must be open to access the arrows. So, for example, a user wishing to have a combination of 1567 would set the 1, 5, 6, and 7 arrows to the "on" position, and leave the rest of the arrows in the "off" position.

24. Once the user combination is selected, the lockbox is closed. In the future, the "open" lever will only work if 1, 5, 6, and 7 are pressed first, and no other buttons have been pressed.

25. The "C" button (standing for "clear") below the alphanumeric pad will release all the buttons, allowing an operator to start over if an incorrect combination was entered.

26. Defendant has posted an instructional video on YouTube demonstrating the operation of the Products described above. *See* "5422D/5423D Lock Boxes," https://www.youtube.com/watch?v=HhcSrKVRST0&t=145s.

27. However, Defendant fails to mention in its instructional video—or any of its other advertising—that the Products provide essentially no defense against burglars. Indeed, they likely do more harm than good.

28. The problems start with the Products' combination feature. The word "combination" implies "an ordered sequence … such as … a sequence of letters or numbers chosen in setting a lock[.]" https://www.merriam-webster.com/dictionary/combination (accessed on November 7, 2022). Yet, in the case of the Products, the order that the buttons are pressed does not matter. If the user has selected 1567 as the combination, the lockbox will open if 7651 is pressed instead. Thus, a person seeking unauthorized access to the lock box need only figure out which of the buttons have been set to the "on" position. And unfortunately, Master Lock has designed the Products

in such a way that anyone can, with minimal skill and effort, do exactly that.

29. Any person seeking to decode the Products first presses the buttons they wish to test. Next, firm continuous pressure is applied to the "open" lever. The buttons that are not part of the combination will travel substantially more freely than the ones in the "off" position.

30. On January 24, 2020, YouTube content creator LockPickingLawyer posted a video demonstrating this exploit. *See* "[1032] No Tools Needed: Master Lock Push Button Key Box Decoded," https://www.youtube.com/watch?v=6RSXQsYYso4 (accessed November 7, 2022). Since its posting, the video has amassed more than 1 million views.

31. On January 5, 2015, YouTube content creator BosnianBill posted a video demonstrating substantially the same exploit on another model of Master Lock lockbox, the model 5425D. *See* "Airbnb Test Lock #4 (Master 5425D)" https://www.youtube.com/watch?v=jEz5-MdIzVQ (accessed November 7, 2022). This video has been viewed 59,000 times. The 5425D differs from the Products only insofar as it uses a code wheel instead of alphanumeric pushbuttons.

32. On information and belief, Master Lock was aware of the exploit shown in the LockPickingLawyer and BosnianBill videos at all relevant times.

33. Despite its knowledge of the Products' vulnerability to unauthorized access, Master Lock has continued, at all relevant times, to hold them out to California consumers as a secure outside storage option for house keys.

34. Master Lock chooses to intentionally conceal or, at best, omit the existence of the Products' vulnerability to unauthorized access.

35. Consumers cannot be expected to discover the Products' vulnerability to unauthorized access prior to purchase.

36. Were consumers aware of the Products' vulnerability to unauthorized access, they would either not purchase the Products at all, or only be willing to pay significantly less.

37. The Products' vulnerability to unauthorized access poses a safety hazard to

Californians who purchase and use the Products.

38. On August 5, 2021, Plaintiff purchased a 5422D on Amazon to store a spare house key on the outside of his home. Plaintiff purchased the 5422D because he believed, based on Defendant's representations, that it provided a secure outside storage option for house keys.

39. At the time of purchase, Plaintiff was unaware of the exploit demonstrated in the LockPickingLawyer and BosnianBill YouTube videos.

40. Had Plaintiff been aware of the exploit, he would not have purchased the 5422D or would only have been willing to pay substantially less for it.

41. Plaintiff, like all members of the Class, did not receive the benefit of the bargain.

## CLASS ALLEGATIONS

42. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following class of persons:

**The Class**: All persons in California who, during the Class Period, purchased a 5422D or 5423D lock box.

The Class Period starts at the earliest date allowed under the applicable statute of limitations and continues to the date of judgment.

43. Specifically excluded from the Class are: (a) any officers, directors or employees of Defendant; (b) any judge assigned to hear this case (or spouse or immediate family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorneys of record and their employees.

44. Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses, or by limitation to particular issues.

45. **Numerosity**. Class members are so numerous that joinder of each individual class member would be impracticable and unfeasible, and the disposition of their claims as a class will benefit the parties, the Court, and the interests of justice.

46. **<u>Ascertainability</u>**. The proposed Class is ascertainable from objective criteria.

47. **<u>Commonality and Predominance</u>**. There is a well-defined community of interest among the Class's members and common questions of *both* law and fact predominate over questions affecting individual members. These common legal and factual questions include, but are not limited to, whether: (1) Master Lock's representation that the Products are a secure outside storage option for house keys is materially misleading; (2) whether Master Lock had a duty to disclose the Products' vulnerability to unauthorized access; and (3) whether the Products are fit for the ordinary purpose for which they are used.

48. **<u>Typicality</u>**. Plaintiff's claims are typical of those of all Class members in that they arise out of the same course of conduct by Defendant, and enable him to seek the same relief under the same theories of recovery. The effort Plaintiff undertakes to pursue his claims will significantly benefit Class members because of the identical nature of the issues across the Class.

49. **<u>Adequacy of Representation</u>**. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff shares a common interest with Class members. Plaintiff has suffered an injury-in-fact because of Defendant's conduct. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex class action litigation. Plaintiff and his counsel will prosecute this action vigorously and faithfully for the benefit of the Class. Plaintiff has no interests contrary to the Class, and will fairly and adequately protect the interests of the Class.

50. **<u>Community of Interest.</u>** The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated. These common questions of law and fact predominate. The named Plaintiff's claims are typical of the Class' members.

51. **<u>Superiority</u>**. The certification of the Class in this action is superior to the litigation of a multitude of cases by members of the putative Class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are members of the Class who are unlikely to join or bring an action due to, among

other reasons, their reluctance to spend large sums of time and money to recover a relatively modest individual recovery. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among Class members in relation to the benefits received. The damages and other potential recovery for each individual member of the Class are modest relative to the substantial burden and expense of individual prosecution of these claims. Given the dollar amount of the individual members of the Class' claims, few, if any, could or would afford to seek legal redress individually for the wrongs complained of herein. Even if the members of the Class could afford individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

52. In the alternative, the above-referenced Class may be certified because:

(a) The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members' claims which would establish incompatible standards of conduct for Defendant;

(b) The prosecution of separate actions by individual members of the Class would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the Class who are not parties to the adjudications, or which would substantially impair or impede the ability of other members to protect their interests; and,

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class.

# FIRST CAUSE OF ACTION

## Violation of the Unfair Competition Law ("UCL")

### (Cal. Bus. & Prof Code §§ 17200, et seq.)

### (Class Claim)

53. Plaintiff incorporates all preceding and succeeding allegations as if fully set forth herein.

54. Defendant has violated and continues to violate California's UCL (Cal. Bus. & Prof. Code § 17200, *et seq*.), which prohibits unlawful, unfair, and fraudulent business acts or practices

55. Defendant's acts and practices constitute unlawful, unfair, and fraudulent business practices, in violation of the UCL. In particular, Defendant sold, and continues to sell, Class members the Products even though the Products can be easily and quickly decoded without any special tools. Defendant further affirmatively represented that the Products offered secure outside storage for house keys. Moreover, Defendant failed to disclose to consumers that the Products were vulnerable to unauthorized access.

56. Defendant's business acts and practices are unlawful in that they violate the Consumers Legal Remedies Act, Cal. Civil Code § 1750, *et seq*. for the reasons set forth below.

57. Defendant's acts also constitute fraudulent practices in that they are likely to deceive a reasonable consumer. As described above, Defendant knowingly concealed, continues to conceal, and continues to fail to disclose at the point of sale and otherwise that the Products are suitable for securing house keys. To the contrary, Defendant affirmatively represents that the Products are suited for the secure outside storage of house keys. But for Defendant's fraudulent omission and affirmative misrepresentations, Plaintiff and Class members would not have purchased the Products, or would have only been willing to pay significantly less for them.

58. Defendant's conduct also constitutes unfair business practices for at least the following reasons:

a. The gravity of potential harm to consumers resulting from Defendant's conduct far outweighs any legitimate utility;

b. Defendant's conduct is immoral, unethical, unscrupulous, or substantially injurious to consumers; and

c. By falsely representing that the Products are suitable for outside storage of house keys, Defendant gains an unfair advantage over competitors whose products either do not suffer from equivalent vulnerabilities, or who are honest with customers about the security limitations of their products.

59. As a direct and proximate result of Defendant's conduct, Plaintiff and members of the Class suffered a foreseeable injury-in-fact, in that they either would not have purchased the Products, or would have only been willing to pay significantly less.

60. Plaintiffs and Class members are entitled to equitable relief, including an order requiring Defendant to pay restitution to Plaintiff and the Class of amounts obtained as a result of its unfair, deceptive, and fraudulent practice.

## SECOND CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act ("CLRA")**

**(Cal. Civ. Code § 1750, *et seq*.)**

**(Class Claim)**

61. Plaintiff incorporates all preceding and succeeding allegations as if fully set forth herein.

62. Defendant is a "person" within the meaning of Cal. Civ. Code §§ 1761(c) and 1770 and has provided "goods" within the meaning of Cal. Civ. Code §§ 1761 (b) and 1770.

63. Plaintiff and members of the Class are "consumers" within the meaning of Cal. Civ. Code §§ 1761(d) and 1770 and have engaged in a "transaction" within the meaning of Cal. Civ. Code §§ 1761 and 1770.

64. Defendant's acts and practices violated the CLRA for at least the following

reasons:

    a. Defendant represented that the Products had characteristics, uses, qualities, or benefits which they did not have;

    b. Defendant advertises the Products with intent not to sell them as advertised;

    c. Defendant represents that the Products are of a particular standard, quality, or grade when they are not.

65. On September 20, 2022, Defendant received a letter that complied with Section 1782(d) of the CLRA, which was prepared by Plaintiff's counsel on behalf of Plaintiff and the Class. The letter gave Defendant notice of the allegations in this Complaint. Defendant failed to remedy the issues that gave rise to this Complaint, or even respond to the letter. As a result, Plaintiff requests monetary damages, restitution, injunctive relief, and all other applicable relief available under the CLRA.

66. A CLRA affidavit signed by Plaintiff Anthony Pan is attached as Exhibit A.

### THIRD CAUSE OF ACTION
### Violation of the False Advertising Law ("FAL")
### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)
### (Class Claim)

67. Plaintiff incorporates all preceding and succeeding allegations as if fully set forth herein.

68. The FAL, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

69. Defendant violated the FAL when it deceptively advertised and marketed the Products as a secure storage option for the outdoor storage of house keys. Defendant's representations were false because the Products do not conform to them.

70. In making and disseminating the representations alleged in this Complaint, Defendant knew or should have known that the representations were untrue or misleading.

71. Defendant's misrepresentations were specifically designed to induce

reasonable consumers, like Plaintiff and Class members, to purchase the Products.

72. As a foreseeable and proximate result of Defendant's deceptive advertising, Plaintiff and Class members were duped into purchasing or overpaying for the Products.

73. Plaintiff and Class members are entitled to all damages available under the FAL, including punitive damages, as well as reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability

### (Class Claim)

74. Plaintiff incorporates all preceding and succeeding allegations as if fully set forth herein.

75. By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiffs and members of the Class and Defendant.

76. Contrary to Defendant's warranties, the Products are unfit for the ordinary purpose for which such goods are used, i.e. outside storage of house keys.

77. On September 20, 2022, Defendant received written notice from Plaintiff's counsel, pursuant to California Commercial Code §2607, of its breach of breach of implied warranty. Defendant did not respond to the September 20, 2022, notice.

78. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff and the Class have been denied the benefit of the bargain and have suffered damages in the form of overpayment. Accordingly, Plaintiff seeks damages, restitution, or disgorgement of ill-gotten gains to compensate Plaintiff and the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly aggrieved persons, pray for judgment against Defendant as follows:

1. For an order certifying this matter as a class action and appointing Plaintiff and his undersigned counsel to represent the Class in this litigation;
2. A judgment requiring Defendant to pay statutory and compensatory damages as required by law, as well as reasonable attorneys' fees and costs of suit;
3. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: December 9, 2022

By: _____
Benjamin Gubernick (SBN 321883)
**GUBERNICK LAW P.L.L.C.**
10720 W. Indian School Rd.,
Suite 19, PMB 12
Phoenix, AZ 85037
623-252-6961
ben@gubernicklaw.com

David N. Lake, Esq.
**LAW OFFICES OF DAVID N. LAKE,**
 **A Professional Corporation**
16130 Ventura Boulevard, Suite 650
Encino, California 91436
Telephone: (818) 788-5100
Email: david@lakelawpc.com