UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                              Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                 Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO DISMISS (Doc. 22)**

Before the Court is Defendant Master Lock Company, LLC's Motion to Dismiss. (Mot., Doc. 22; Mem., Doc. 22-1.)  Plaintiff Anthony Pan opposed, and Master Lock replied.  (Opp, Doc. 24; Reply, Doc. 26).  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for May 12, 2023 at 10:30 a.m. is VACATED.  For the following reasons, the Court DENIES Master Lock's Motion.

I.      **BACKGROUND**

Plaintiff Anthony Pan brought the instant putative class action on December 9, 2022. (Doc. 1.)  Pan alleges that he and other class members overpaid for lock boxes produced by Master Lock.  (First Amended Complaint ("FAC"), Doc. 20 ¶ 1.)
Master Lock manufactures lock boxes, which are metal boxes that attach to a doorknob or gate using a shackle, or to the wall using screws.  (*Id.* ¶ 3.)  The models that are the subject of this lawsuit are the 5420D, the 5422D, the 5423D, the 5424D, and the 5425D.  (*Id.* ¶ 2.)  These lockboxes are opened by inputting a user-selected combination and depressing a rectangular lever over the keypad.  (*Id.* ¶ 4.)  On the 5422D and 5423D models the user enters the combination on an alphanumeric keypad, while on the 5420D, 5424D, and 5425D models, the user turns four numeric code wheels to enter the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                                                Date: May 10, 2023

Title:  Anthony Pan v. Master Lock Company, LLC

combination.  (*Id.*)  Master Lock advertises these products to consumers as an option for securely storing home entry devices like keys and garage door openers outside of their houses.  (*Id.* ¶ 5.)

> Pan alleges that
>
>> Master Lock refuses to tell consumers . . . that the Products have a security vulnerability that allows *any* unauthorized person to decode and gain access to the Products quickly and without tools.  By applying continuous pressure to the Open Lever and then testing each button or position on the code wheel, any person can identify which numbers or symbols are part of the combination.
>> On the Keypad Models, the order of the buttons pressed does not matter; thus, all an unauthorized person needs to do to gain access is press the correct buttons and open the lock box.  Similarly, on the Code Wheel Models, it makes no difference which order the wheels are turned; if the four correct positions have been selected, the lock box will open.

(*Id.* ¶¶ 6-7.)  Pan alleges that this security vulnerability is "known to or easily ascertained by burglars or other people seeking unauthorized access."  (*Id.* ¶ 8.)  Videos demonstrating this exploit on various lock box models on YouTube have been viewed a combined more than 1.3 million times.  (*Id.* ¶¶ 36-38.)  Pan alleges that Master Lock advertises these lockboxes as "Secure Storage for Keys, Key Fobs, & Access Cards" and claims that using these lockboxes is better than other options for hiding keys outside the door, such as under a doormat or flowerpot.  (*Id.* ¶ 21.)

Pan purchased a Master Lock 5422D lock box on amazon.com to store a spare house key outside of his home, believing it to provide a secure outside storage option for house keys.  (*Id.* ¶¶ 48-49.)  He alleges that had he been aware of the security vulnerability, he would not have purchased the lock box, or would only have been willing to pay substantially less for it.  (*Id.* ¶¶ 51-52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                                                  Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

Pan brings claims for (1) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (2) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; (3) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; and (4) breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act.  (*Id.* ¶¶ 65-95.)  Master Lock now moves under Rule 12(b)(1) to dismiss all claims for lack of subject matter jurisdiction.

## II.     LEGAL STANDARD

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039.  "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."  *DRAM*, 546 F.3d at 984.

"In the absence of standing, a federal court lacks subject matter jurisdiction over the suit." *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013) (quotations omitted).  To have Article III standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  To establish an injury in fact, a plaintiff must show that she suffered

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-08943-JLS-AS | Date: May 10, 2023 |
| Title:  Anthony Pan v. Master Lock Company, LLC | |

"'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

### III.     DISCUSSION

Master Lock argues that Pan has not sufficiently alleged standing because he has not alleged facts showing that he overpaid or did not get the benefit of the bargain and because conclusory allegations of overpayment do not suffice to allege economic injury. Pan argues that he has adequately pleaded Master Lock's material misrepresentations caused him to buy a lock box and pay more for it than he would have had Master Lock made such representations, and that these allegations demonstrate Article III standing.

#### A.     Economic Injury Allegations

Master Lock first argues that Pan has not sufficiently alleged an economic injury because he has not alleged that his lock box was exploited, the injury his claims are based on is at best a hypothetical future injury (*i.e.*, as of yet, no one has accessed his lock box and then burglarized his house), and Pan has not alleged that he tested his own lock box for the alleged vulnerability. (Mem. at 13.)

"When, as here, Plaintiffs contend that class members paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so they have suffered an Article III injury in fact." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1105 (9th Cir. 2013) (finding plaintiff had alleged economic injury under the UCL and FAL where plaintiff alleged that defendant falsely advertised goods as being marked down from a fictitious "original" or "regular" price) (quotations and alteration omitted); *see also Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) ("Under California law, the economic injury of paying a premium for a falsely advertised product is sufficient harm to maintain a cause of action.").  The cases that Master Lock relies on for the proposition that Pan's only injury is a speculative future injury are not applicable.  In *Birdsong v. Apple, Inc.*, the Ninth Circuit found that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                        Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

plaintiffs who alleged that iPods could cause hearing damage lacked standing because "they [did] not claim that they, or anyone else, ha[ve] suffered or [were] substantially certain to suffer hearing loss from using an iPod." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 961 (9th Cir. 2009).  However, in that case, the court specified that "plaintiffs do not allege that Apple made any representations that iPod users could safely listen to music at high volumes for extended periods of time" and that, in fact, "Apple provided a warning against listening to music at loud volumes." *Id.*  In contrast, Pan has alleged that Master Lock advertised its products as secure, when in fact they had a security vulnerability that permitted them to be opened without knowledge of the combination or any tools.

Master Lock also points to an out-of-circuit district court case, *U.S. Hotel & Resort Management, Inc. v. Onity, Inc.*, where the court found that plaintiffs who purchased locks that allegedly contained a security defect and installed them in their hotels lacked standing because they did not allege that any unauthorized person had gained entry into a hotel room.  *U.S. Hotel & Resort Mgmt., Inc. v. Onity, Inc.*, No. 13-1499, 2014 WL 3748639, at *3-4 (D. Minn. July 30, 2014).  However, the plaintiffs in *Onity* did not bring false advertising claims, and the only damages they sought were the costs they incurred to remedy the defect and prevent future unauthorized access.  *Id.*  Thus, the injury claimed in *Onity* is distinguishable from Pan's injury claimed in this case.

If a person purchases or overpays for a product that they otherwise would not have, the person has suffered an economic injury that satisfies the Article III standing requirement.  *See Berke v. Whole Foods Mkt., Inc.*, No. 19-7471, 2020 WL 5802370, at *1, *8 (C.D. Cal. Sept. 18, 2020) (finding plaintiffs who paid a premium that they otherwise would not have had standing where they alleged that water labeled as "pure" and "some of the purest and most pristine water available in the U.S." contained among the highest levels of arsenic among bottled waters); *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 660-63 (N.D. Cal. 2016) (finding plaintiff who would not have purchased or would have paid less for chocolate had she known about labor abuses in the supply chain had standing to bring claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                                        Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

Nor is it dispositive that Pan did not test his lock box for the security vulnerability. In so arguing, Master Lock implies that Pan's lock box may not actually contain the vulnerability that Pan alleges.  However, the vulnerability Pan describes in the complaint is not alleged to be an occasional defect manifesting in only a certain percentage of products, but a design flaw that affects every single lock box of certain models.  Pan has alleged that the five models named in the FAC contain the same weakness, and that the vulnerability is "inherent in their design" of the lock boxes "because there is a direct connection between the Open Lever and the combination plate (on the Keypad Models) or the code wheels (on the Code Wheel Models)."  (FAC ¶¶ 39-40.)  Because of this design, Pan alleges, "applying firm pressure to the Open Lever binds all keys on the keypad/positions on the code wheels that are not part of the combination."  (*Id.* ¶ 39.)  This is sufficient at the motion to dismiss stage.  *See Berke*, 2020 WL 5802370, at *7 (rejecting challenge to standing where plaintiff generally alleged that Starkey brand bottled water contained higher-than-average levels of arsenic but did not allege how much arsenic was in the bottles plaintiff himself purchased).

B.      **"Something More"**

Master Lock argues that, in cases involving a future risk of injury from an alleged product defect, plaintiffs must allege "something more" than conclusory allegations of overpayment.  (Mem. at 15.)  It relies principally on an unpublished Ninth Circuit decision, *Cahen v. Toyota Motor Corp.*, where the court affirmed the district court's dismissal of, inter alia, plaintiffs' UCL, CLRA, and FAL claims regarding an alleged vulnerability to hacking in their vehicles' computer systems.  717 Fed. App'x 720, 723-24 (9th Cir. 2017).  The Ninth Circuit found that plaintiffs' economic loss overpayment injury was "not credible," because "the allegations that the vehicles are worth less are conclusory and unsupported by any facts."  *Id.*  The district court, noting that plaintiffs had not alleged facts such as an effect on the market for their vehicles or a risk so immediate that they had to immediately discontinue using their vehicles, stated that the plaintiffs had not "alleged the required 'something more' beyond the speculative risk of future harm that underlies the allegations of economic damage.'"  *Cahen v. Toyota Motor*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                                         Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

*Corp.*, 147 F. Supp. 3d 955, 971 (N.D. Cal. 2015).  The district court was skeptical that the alleged defect would actually impact the market for plaintiffs' vehicles, noting that "potentially all post-2008 cars [] on the American market, and not just defendants' vehicles, lack the allegedly necessary security protections and firewalls.  Because the alleged harm is unmanifested and widespread, how that would translate into economic injury is unclear." *Id.* at 970.  Here, the injury is not implausible, and is specific to the products at issue in the lawsuit rather than to lock boxes generally.  Pan alleges that five models of lock boxes advertised as secure have a security vulnerability that allow them to easily be opened without tools or the combination.  It is sufficiently plausible, for the motion to dismiss stage, that a consumer would not purchase or would pay less for a lock box with such a vulnerability.

Master Lock also points to several district court cases that are distinguishable because the plaintiffs either did not allege, or did not sufficiently allege, a misrepresentation by defendants that caused plaintiffs to purchase the product.  The first is *Papasan v. Dometic Corp.*, where the court found that a plaintiff's allegation that she "unknowingly overpaid for a defective refrigerator" was insufficient to establish standing.  No. 16-02117, 2017 WL 4865602, at *6 (N.D. Cal. Oct. 27, 2017).  There, the court noted that the plaintiff did not allege that she had purchased the refrigerator due to any false advertising.  *Id.*  The second is *Pirozzi v. Apple, Inc.*, where the court found that a plaintiff who alleged that she had paid more than she would have for an Apple device based on Apple's representations about the security and integrity of Apple products when in fact apps could access her personal data had not properly alleged standing.  913 F. Supp. 2d 840, 846-47 (N.D. Cal. 2012).  The court noted that "[o]verpaying for goods or purchasing goods a person otherwise would not have purchased based upon alleged misrepresentations by the manufacturer would satisfy the injury-in-fact and causation requirements for Article III standing" but that "Plaintiff fails to allege specifically which statements she found material to her decision to purchase an Apple Device or App." *Id.* at 847.

Finally, Master Lock points to *Boysen v. Walgreen Co.*, where the court found that plaintiffs lacked standing to bring claims regarding levels of arsenic and lead in apple and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-08943-JLS-AS                                   Date: May 10, 2023
Title:  Anthony Pan v. Master Lock Company, LLC

grape juice that was represented to be "100% Apple Juice" and "100% Grape Juice" and to be healthy and safe.  No. 11-06262, 2012 WL 2953069, at *1, *3 (N.D. Cal. July 19, 2012).  There, the plaintiffs had not alleged that they were injured by the juice or that the levels of lead and arsenic violated FDA standards for fruit juices; they merely claimed that, had they known about the amount of arsenic and lead, they would not have purchased or would have paid less for the juice.  *Id.* at *4-5.  The court noted that plaintiff did "not allege that the products function less well than advertised" and found that plaintiff's allegations that "he purchased and consumed the fruit juices, but that the levels of lead and arsenic in defendant's product were unsatisfactory to him" were insufficient to establish Article III standing.  *Id.* at *7.  This case is plainly not analogous.  Pan has alleged that the lock box he purchased was misrepresented as "secure" when it in fact contained a widely publicized vulnerability that would permit anyone to access the box without the combination.  Pan further alleges that "the Products do more harm than good, because they can easily be decoded and [they] broadcast to intruders that a house key can be found within—homeowners would be better off using one of the free options Defendant claims are inferior, i.e., hiding a key under a doormat or flowerpot."  (FAC ¶ 32.)  Thus, to the extent that Pan was required to plead "something more," he has done so by identifying the specific alleged misrepresentations that led him to pay more than he otherwise would have for the product.  He has alleged economic injury sufficient for Article III standing.

**IV.   CONCLUSION**

      For the above reasons, Master Lock's Motion is DENIED.

      Initials of Deputy Clerk: vrv